UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RIDGEVIEW PRESBYTERIAN CHURCH, | § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL NO. 3:13-CV-1818-B |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, CRAWFORD & COMPANY, AND DOUGLAS LUMPKIN, | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand (doc. 11), filed on June 14, 2013. Because the Court determines that the joinder of the in-state Defendant Douglas Lumpkin was proper, the Motion is **GRANTED**.

## I.

## BACKGROUND

This case involves an insurance claim filed after a storm damaged Plaintiff's building. Plaintiff Ridgeview Presbyterian Church alleges that its insurance carrier, Defendant Philadelphia Indemnity Insurance Company ("Philadelphia Indemnity"), acted in concert with an independent adjusting company, Defendant Crawford & Company ("Crawford"), and a licensed adjuster, Defendant Douglas Lumpkin ("Lumpkin"), to breach the insurance agreement and commit bad faith.

Plaintiff purchased an insurance policy from Philadelphia Indemnity to protect the organization's church and associated buildings in the event of damage. Pl. Orig. Pet. ¶ 4.1. Plaintiff

alleges that on February 3, 2012, a storm struck the Dallas area and caused harm to Plaintiff's roof, exterior, interior, and other structures. Id. at ¶¶ 4.2-4.3. Following this storm, Plaintiff filed a claim with Philadelphia Indemnity against the insurance policy for damage, and requested Philadelphia Indemnity cover the cost of repairs. Id. at ¶ 4.4. Philadelphia Indemnity, in turn, retained Defendants Crawford and Lumpkin as adjusters on the claim. Id. Plaintiff's claim was subsequently denied. Id. at ¶ 4.5.

Plaintiff thereafter filed its Original Petition on March 13, 2012 in the 101st Judicial District Court of Dallas County, Texas,[1] asserting claims against Philadelphia Indemnity, Crawford, and Lumpkin. Pl. Orig. Pet. 1. Drawing no distinction between the actions of the three, Plaintiff alleged that Defendants: (1) knowingly violated various provisions of Texas Insurance Code §§ 541.060 and 541.061; (2) failed to timely commence an investigation of Plaintiff's claim and subsequently delayed payment; (3) breached the contract with Plaintiff; (4) breached the duty of good faith and fair dealing; (5) are liable for punitive damages resulting from fraudulent and malicious actions surrounding the denial of Plaintiff's claim; (6) violated the Texas Deceptive Trade Practices Act ("DTPA") by violating the Texas Insurance Code; and (7) "acted fraudulently as to each representation made to Plaintiff." Pl. Orig. Pet. 5-9.

On May 15, 2013, Lumpkin removed the case to federal court on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. Doc. 1. He alleged that Plaintiff improperly joined him in its state-court action in order to defeat diversity. Not. Rem. ¶ 9. Plaintiff filed a Motion to Remand (doc. 11) on June 14, 2013, arguing that joinder of Lumpkin was proper and urging the

---

[1] This matter was given Cause No. DC-13-02886 in a proceeding styled *Ridgeview Presbyterian Church v. Philadelphia Indemnity Ins. Co., Crawford & Company, and Douglas Lumpkin.*

Court to remand the case. Lumpkin responded (doc. 16) on July 5, 2013, and Plaintiff offered no reply. The Motion is now ripe for review.[2]

The parties agree that Plaintiff and Lumpkin are citizens of Texas, Philadelphia Indemnity is a citizen of Pennsylvania, and Crawford is a citizen of Georgia. Moreover, the parties agree that the amount in controversy exceeds $75,000.

## II.

## LEGAL STANDARD

A.      *Removal Based on Diversity Jurisdiction*

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). When a party removes a lawsuit to federal court on diversity grounds under 28 U.S.C. § 1332, the removing party must demonstrate each element of Section 1332, including that a plaintiff is not a citizen of the same state as any defendant. 28 U.S.C. § 1332(a). Furthermore, an action removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford*

---

[2] On May 21, 2013, Defendants Crawford and Lumpkin filed a Motion to Dismiss (doc. 6). The Court will dispose of the Motion in light of its present decision to remand the case to state court.

*Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (noting that any questions or ambiguities "should be strictly construed in favor of remand").

B.      *Improper Joinder*

Though diversity jurisdiction requires complete diversity of the parties, a case involving a non-diverse defendant may nevertheless be removed to federal court if it is established that the non-diverse defendant was improperly joined. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). When the basis for removal to federal court is such, "[t]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc). If the party fails to meet this burden and joinder of the in-state defendant was in fact proper, removal will be inappropriate and the federal court will not have subject matter jurisdiction. *See id.* at 575.

To establish improper joinder, the removing party must demonstrate "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573. Only the latter method of proof is presently before the Court. Thus, the Court must examine whether Defendant Lumpkin has met his burden of showing that there is no possibility that Plaintiff may recover against him under applicable state law.[3]

---

[3] Although the parties do not raise this issue, the Court recognizes that Lumpkin - who argues here that he was improperly joined as a *party* in the state court action - is also the *party* who initiated and caused the removal of the case from state court. As such, Lumpkin is now before the Court in the somewhat unusual procedural posture of being the removing party who, upon removal, now argues that he was improperly-joined in the state court action in the first instance. Section 1441(b) prohibits a civil action otherwise removable solely on the basis of diversity jurisdiction from being removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The Court has not found a similar case, in which the removing defendant is also the allegedly improperly-joined in-state citizen. Nevertheless, the Court does not consider Lumpkin's Texas citizenship an issue. The Fifth

*Id.* "If there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, then there is no [improper] joinder." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (internal quotations omitted). In other words, "if there is even a possibility that a state court would find the complaint states a cause of action against any one of the resident defendants, the federal court must find the joinder was proper and remand the case to the state court." *Triggs*, 154 F.3d at 1287 (internal quotations omitted). Admittedly, this possibility must be reasonable and not merely theoretical. *See Great Plains Trust*, 313 F.3d at 312.

The Fifth Circuit has recognized two ways a district court may go about deciding whether a plaintiff has a reasonable basis of recovery under state law. *See Guillory v. PPG Indus. Inc.*, 434 F.3d 303, 309 (5th Cir. 2005). First, the court may conduct a Rule 12(b)(6)-type analysis to determine whether the allegations of the plaintiff's complaint state a claim under state law against the in-state defendant. *See Smallwood*, 385 F.3d at 573. In most cases, there will be no improper joinder if a plaintiff can survive such a challenge. *Id.* However, a district court may also, in its discretion, "pierce the pleadings" and consider summary judgment-type evidence to "determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse parties." *Hornbuckle v. State Farm* Lloyds, 385 F.3d 538, 542 (5th Cir. 2004) (quoting *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992)). A summary inquiry is "appropriate only to identify the presence

---

Circuit has instructed that a defendant is entitled to remove to a federal forum unless an in-state defendant has been "properly joined." *See Smallwood*, 385 F.3d at 573. That the *Smallwood* Court did not focus on the citizenship of the removing party but instead emphasized the propriety of joinder this Court finds telling. Further, that a court may disregard an improperly-joined defendant's domicile for purposes of establishing diversity jurisdiction reinforces this Court's view that the citizenship of the removing defendant may similarly be overlooked in the improper joinder analysis. *See Triggs,* 154 F.3d at 1287. Finally, while it is true that parties cannot confer jurisdiction by consent or waiver, objections to defects in the removal *process* may be waived. *Kunica v. St. Jean Financial, Inc.*, 63 F. Supp 2d 342, 349 (S.D.N.Y. 1999) (emphasis added) (citing *Mackay v. Uinta Dev. Co.*, 229 U.S. 173, 176 (1913)).

of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74. Even where summary judgment-type evidence is reviewed, unchallenged factual assertions must be considered in a light favorable to the plaintiff, and contested issues of fact and ambiguities in controlling state law must also be resolved in the plaintiff's favor. *McKee*, 358 F.3d at 334. In this sense, the standard to be applied is more akin to a Rule 12(b)(6) standards than a Rule 56 standard. *Id.*

## III.

## ANALYSIS

A.    *Contentions of the Parties*

In the present case, Plaintiff moves for remand because it claims it has sufficiently pleaded causes of action against Lumpkin for violating various sections of the Texas Insurance Code and the DTPA and for committing fraud. Pl. Mot. Rem. 9-11. In addition, Plaintiff contends that evidence appended to its Motion supports Lumpkin's liability under state law. Id. at 12. Consequently, Plaintiff maintains that joinder of Lumpkin was proper, and the case should be heard in state court.

Lumpkin disagrees and contends that he was improperly joined in this action solely to defeat diversity jurisdiction. Def. Resp. 10. He argues that Plaintiff has failed to present a reasonable basis to predict recovery against him on any of its causes of action. Id. 2-3. Finally, he urges the Court not to consider Plaintiff's post-removal filings and instead rule entirely on the allegations in Plaintiff's Original Petition. Id. at 4, 9.

B.    *Applicability of the Federal or Texas Pleading Standard*

A threshold question before the Court is whether to apply the federal or Texas pleading standard in its determination whether Plaintiff has sufficiently pleaded its state claims against

Lumpkin.  Indeed the decision about which pleading requirements to apply is "critical to resolving the issue of [the pleading's] adequacy." *Durable Specialties, Inc. v. Liberty Ins. Corp.*, No. 3:11-CV-739-L, 2011 WL 6937377, at *4 (N.D. Tex. December 30, 2011). The parties in this case disagree as to which standard is appropriate. Plaintiff urges the Court to follow the Texas "fair notice" requirements; Lumpkin asserts that the federal standard should be used.

The Fifth Circuit has not directly addressed this issue in a published opinion. *See  Yeldell v. GeoVera Specialty Ins. Co.*, No. 3:12-CV-1908-M, 2012 WL 5451822, at *1-2 (N.D. Tex. Nov. 8, 2012). However, in an unpublished opinion, the Court of Appeals applied the Texas "fair notice"standard. *Id.; see De La Hoya v. Coldwell Banker Mex. Inc.*, 125 F.App'x. 533, 537-38 (5th Cir. 2005). Many courts within this District have followed suit.[4] Though the federal pleading standard under *Twombly* and *Iqbal* is arguably more stringent than the Texas "fair notice" requirement, "[f]undamental fairness compels that the standard applicable at the time the initial lawsuit was filed in state court should govern." *Durable Specialties,* 2011 WL 6937377, at *5. Thus, this Court will look to the Texas pleading standard to determine whether Plaintiff has stated a claim for relief against Lumpkin.

C.      *Texas "Fair Notice" Pleading Standard*

---

[4] *See Charla Aldous, P.C. v. Black*, No. 3:12-CV-5028-G, 2013 WL 3154121, at *7 n3 (N.D. Tex. June 20, 2013)(noting that, although "it is not necessary to determine the proper pleading standard to decide this case[,] . . . applying the state pleading standard seems most natural"); *Fantroy v. Dallas Area Rapid Transit*, No. 3: 13-CV-0345-K, 2013 WL 2284879, at *4 (N.D. Tex. May 23, 2013)("Based on this sound logic and the Fifth Circuit's application of the state standard, this Court applies the Texas pleading standard to Plaintiff's allegations"); *Landor v. State Farm Lloyds*, No. 3:12-CV-4268-M, 2013 WL 1746003, at *2 (N.D. Tex. April 23, 2013); *Durable Specialties, Inc.*, 2011 WL 6937377, at *5; *Bedford Internet Space, LLC v. Travelers Cas. Ins. Co.*, No. 3:12-CV-4322-N-BN, 2013 WL 3283719, at *4 (N.D. Tex. June 28, 2013); *Arana v. Allstate Texas Lloyds*, No. 3:13-CV-0750-D, 2013 WL 2149589, at *3 (N.D. Tex. May 17, 2013).

Texas state courts follow a "fair notice" pleading standard, which looks to "whether the opposing party can ascertain from the pleading[s] the nature and basic issues of the controversy and what testimony will be relevant." *SFTF Holdings, LLC v. Bank of Am.*, No. 3:10-CV-0509-G, 2011 WL 1103023, at *1 (N.D. Tex. Mar. 22, 2011) (quoting *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000)). A pleading may contain legal conclusions as long as fair notice to the opponent is given by the allegations as a whole. *See* Tex. R. Civ. P. 45(b). Furthermore, an original petition should be construed liberally in favor of the pleader, and the court "should uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged." *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993); *see also Landor*, 2013 WL 1746003, at *2.

D.     *Sufficiency of Plaintiff's Pleadings*

Even under the more lenient Texas "fair notice" standard, a petition cannot support a claim simply by mentioning a defendant in passing and then failing to state any specific actionable conduct. *See* Griggs *v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). Indeed, this Court has previously found improper joinder where there has been such pleading deficiency. *See DeCluette v. State Farm Lloyds*, No. 3:12-CV-4449-B, 2013 WL 607320, at *2, 4 (N.D. Tex. Feb. 19, 2013). Lumpkin is adamant that Plaintiff's Petition is so lacking. He argues that, because Plaintiff's petition fails to plead specific, factual allegations regarding his individual conduct, there is no basis for individual action against him. Def. Resp. 5. Further, because every cause of action was aimed at all defendants without distinction, there also can be no basis to predict recovery against him. Id. The Court agrees.

Plaintiff's Original Petition only addresses Lumpkin individually in two instances: (1) "Lumpkin is a licensed adjuster in Texas and doing business in this state and county. He may be

served with process by certified mail, return receipt requeted [sic], at 490 Sellmeyer, Lewisville, TX 75067"; and (2) "PHILADELPHIA retained CRAWFORD AND LUMPKIN as adjusters on the claim." Pl. Orig. Pet. ¶¶ 2.4, 4.4. Beyond these statements, the pleading alleges no facts, let alone actionable conduct, particular to Lumpkin. There is no indication that Lumpkin was party to the insurance policy at issue, or that he engaged in any particular conduct that could be deemed fraudulent or improper under the Texas Insurance Code. Instead Plaintiff appears to have cut-and-pasted Lumpkin and his co-defendants' names into claims supported only by recitations of statutory language. This alone is not enough to support Plaintiff's cause of action against Lumpkin.

As the Fifth Circuit noted in *Griggs*, "whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery." *Griggs*, 181 F.3d at 701. It goes without saying that without any factual connection, there is no way for the Court to determine whether there is proper "fit" between that which the plaintiff alleges and that which he wishes to recover. Given this deficiency, the Court finds that Plaintiff's pleading alone does not set forth actionable claims against Lumpkin.

E.      *Sufficiency of Plaintiff's Post-Removal Filings*

Nevertheless, the Fifth Circuit has endorsed a summary judgment-like procedure for reviewing improper joinder claims. *See Griggs*, 181 F.3d at 700. In this case, removal would be based "not upon whether Plaintiff has pleaded causes of action that meet the threshold of stating a claim upon which the [c]ourts have determined relief may theoretically be granted . . . , but upon whether the Plaintiff has any *evidence* at all that would support any of [its] claims." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004) (emphasis in original) (internal quotations omitted). A local defendant would thus be deemed improperly joined

- 9 -

> not only when there is no arguably reasonable basis for predicting that the
> local law would recognize the cause of action pled against that defendant, but
> also when, as shown by piercing the pleadings in a summary judgment type
> procedure, there is no arguably reasonable basis for predicting that the
> plaintiff would produce sufficient evidence to sustain a finding necessary to
> recovery against that defendant.

*Id.* Accordingly, the Court will consider Plaintiff's post-removal filings to the extent that they clarify

or amplify the claims alleged in Plaintiff's Original Petition. *See Griggs*, 181 F.3d at 700. However,

the Court will not use this material to consider new causes of action or theories not raised in the

controlling petition filed in state court. *Id.*

In support of its Motion to Remand, Plaintiff submitted an appendix that includes

correspondence between Philadelphia Insurance Companies and Plaintiff regarding Defendant

Philadelphia Indemnity's insurance policy. Pl. App. 000012-14, 26. Critically, these exchanges

include reference to Lumpkin's investigation of Plaintiff's claim. Id. According to a letter dated

February 28, 2012 from Philadelphia Insurance Companies to Plaintiff:

> Mr. Lumpkin has reported the interior damage was not the result of wind/hail
> to the exterior/roofing. The interior water damage was the result of wear, tear,
> and deterioration of the exterior roof flashing allowing rain water penetration.
> As such, the roof flashing and interior water damage is not covered under the
> policy. . . .
>
> Mr. Lumpkin did report that there was minimal roof damage from wind which
> was unrelated to the roof leak/interior water damage. He reported the cost to
> repair this minimal damage would be $250, which is below the $5,000
> wind/hail deductible.
>
> Mr. Lumpkin further reported that he also found minimal hail damage from
> an unknown previous hail storm. He advised that due to the minimal damage
> and that damage would likely not exceed the $5,000 wind/hail deductible, that
> you were not pursuing a separate hail claim.

Pl. App. 000012-13. This letter provides information regarding Lumpkin's specific conduct, namely the conclusions he drew from investigating Plaintiff's claim. Though minimal, these details provide a basis for determining what evidence Plaintiff has to support its claim against him. In particular, proof of Lumpkin's determination of the origin and value of the damage reasonably supports Plaintiff's contention that Defendants wrongfully denied its claim and/or underestimated the value of Plaintiff's property damage during the investigation. Orig. Pet. ¶ 4.5. In addition, the appendix also includes a report prepared by an outside agency at the behest of Lumpkin. Pl. App. 000015-25. This report references Lumpkin's "instructions" regarding the investigation and thus suggests further individual conduct that could give rise to Lumpkin's liability with respect to the investigation. Id.

In light of this material, the Court is unable to say that there is *no* reasonable possibility for Plaintiff to recover against Lumpkin under state law. *See Hornbuckle*, 385 F.3d at 545. Accordingly, the Court finds that Defendant Lumpkin has failed to satisfy the heavy burden of establishing improper joinder. As Lumpkin and Plaintiff are citizens of Texas, diversity of citizenship does not exist. Consequently, this Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c) and must remand the case to state court.

## IV.

### CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Remand (doc. 11), and hereby **REMANDS** this action to the 101st Judicial District Court of Dallas County, Texas. The clerk of court shall effect the remand in accordance with the usual procedure.

**SO ORDERED.**

SIGNED: September 30, 2013.


JANE J. BOYLE
UNITED STATES DISTRICT JUDGE